IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-743-FDW

| | |
|---|---|
| KEVIN NICHOLAS BROWER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOB LEWIS, Director of Prisons, North ) <br> Carolina Dept. of Public Safety; ) <br> LAWRENCE PARSONS, Administrator ) <br> of Lanesboro Correctional Institution; ) <br> KORY DALRYMPLE, Assistant ) <br> Superintendent of Programs, Lanesboro, ) <br> Correctional Institution; GLENN ) <br> KINNEY, Unit Manager, Lanesboro ) <br> Correctional Institution; RICKY ) <br> HUTCHINGS, Officer, Lanesboro ) <br> Correctional Institution; PAUL WOODS, ) <br> Officer, Lanesboro Correctional ) <br> Institution; KEARRY HINSON, Officer, ) <br> Lanesboro Correctional Institution; ) <br> BRANDON DECKER, Officer, Lanesboro, ) <br> Correctional Institution; STEPHANIE ) <br> MILLER, Officer, Lanesboro Correctional ) <br> Institution, <u>et al.</u>, ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Motion to Proceed Without Prepayment of Fees or Costs ("Application"), (Doc. No. 2), and Plaintiff's Amended Complaint, filed by and through counsel, pursuant to 42 U.S.C. §§ 1983 & 1985. (Doc. No. 6). The Court has examined Plaintiff's Application, and finds that it should be allowed as it does not appear that he has sufficient funds to prepay the filing fees or costs of service in this matter.

**I.    BACKGROUND**

In his Amended Complaint, Plaintiff alleges that on November 10, 2009, he was

1

severely beaten by one or more defendant officers while incarcerated at Lanesboro Correctional Institution.[1] Plaintiff alleges that Defendants Kinney, Woods, and Hutchings were beating Warren, a fellow inmate, and Plaintiff intervened after noting that other defendant officers were becoming involved in the fray. According to Plaintiff, he intervened in the scuffle because he was concerned for the safety and well-being of Warren. As the melee grew more frantic, Plaintiff alleges that he was struck by Defendant Hinson with his baton on his legs and he fell to the ground. Plaintiff was then placed face down in handcuffs and defendant officers—Hinson, Woods, Hutchings, and other officers unknown—began kicking "Plaintiff in the face, ribs and hips until Plaintiff heard a crack and everything went silent." (Doc. No. 6 ¶ 36). Plaintiff asserts that he suffered head injuries and had to be treated at a nearby hospital to close the open wound in his head.

After being treated at the hospital, Plaintiff was charged at the magistrate's office with three counts of assault on a government official and one count of felony inciting a riot. Plaintiff pled guilty to two counts of assault on a government official and the remaining counts were dismissed. (Id. ¶ 41). As a result of the altercation described above, Plaintiff alleges that he continues to suffer serious brain trauma, headaches, loss of memory and a misshapen skull.

In the wake of these allegations, Plaintiff contends that Defendants Decker and Miller conspired to successfully destroy video evidence of the fray of November 10. In addition to this allegation of intentional misconduct, Plaintiff alleges that Decker and Miller failed to follow known policy of the North Carolina Department of Public Safety in securing video footage.

Plaintiff states that he challenged his contention of excessive force through the grievance

---

[1] The Court here provides only a summary of the allegations from Plaintiff's Amended Complaint which are taken as true for the purpose of this initial review.

procedure but his efforts were unsuccessful. Plaintiff's Amended Complaint alleges further acts of retaliation in the form of forced segregation of three years duration and censorship of reading materials.

## II. STANDARD OF REVIEW

Federal courts are required to conduct an initial screening of the allegations contained in a complaint filed by a prisoner against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A complaint fails to state a claim when it does not include "enough factual matter (when taken as true)" to "sho[w] that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (internal citation omitted). In determining whether a plaintiff has stated a claim for relief, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the light most favorable to the plaintiff. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## III. DISCUSSION

In order to properly state a claim under 42 U.S.C. § 1983, a plaintiff must provide allegations that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity "secured by the Constitution and laws" of the United States. Zombro v. Baltimore City Police Dept., 868 F.2d 1364, 1366 (4th Cir. 1989) (quoting Chapman v. Houston Welfare Rights Org., 441 U.S. 600 (1979)).

Plaintiff has pled claims of cruel and unusual punishment through the use of excessive force, and confinement to segregation for three years, in violation of the Eighth Amendment; violation of his due process rights, in violation of the Fourteenth Amendment through the destruction of video footage of the November 10th incident; and violation of his right to Free Speech and Expression through the censorship of certain reading materials described in the Amended Complaint, in violation of the First Amendment.

Plaintiff's allegations, taken as true at this stage, set out a colorable claim for relief and the Court finds that the defendants should file an answer or other responsive pleading as provided for by the Federal Rules of Civil Procedure. <u>See</u> Section 1915A(b).

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's application to proceed without prepayment of fees or costs is **ALLOWED.** (Doc. No. 2).
2. The Clerk of Court is directed to prepare process for delivery to the U.S. Marshals Service and the U.S. Marshals Service is directed to serve such process on the defendants at the expense of the U.S. Government.
3. Defendants' should file an answer or response as provided for in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed: March 5, 2013

Frank D. Whitney
United States District Judge

4