IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00743-FDW

| | |
|---|---|
| KEVIN N. BROWER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOB LEWIS, Director of Prisons, North )<br>Carolina Dept. of Public Safety; )<br>LAWRENCE PARSONS, Administrator )<br>of Lanesboro Correctional Institution; )<br>KORY DALRYMPLE, Assistant )<br>Superintendent of Programs, Lanesboro, )<br>Correctional Institution; GLENN )<br>KINNEY, Unit Manager, Lanesboro )<br>Correctional Institution; RICKY )<br>HUTCHINGS, Officer, Lanesboro )<br>Correctional Institution; PAUL WOODS, )<br>Officer, Lanesboro Correctional )<br>Institution; KEARRY HINSON, Officer, )<br>Lanesboro Correctional Institution; )<br>BRANDON DECKER, Officer, Lanesboro, )<br>Correctional Institution; STEPHANIE )<br>MILLER, Officer, Lanesboro Correctional )<br>Institution, et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on its own motion.

Plaintiff, who is a prisoner of the State of North Carolina, filed a complaint pursuant to 42 U.S.C. § 1983, by and through counsel, alleging the defendants, who are identified as employees of the North Carolina Department of Public Safety (DPS), committed various violations of his civil rights. Each defendant was sued in their official and individual capacity. After the complaint was filed, Plaintiff's counsel submitted proposed summonses in which she

1

identified Casandra White as the General Counsel of Public Safety (NC DPS) and Official Process Agent for DPS, and each summons was addressed to Ms. White's care at the following address: Archdale Building, 14th Floor, 512 N. Salisbury Street, Raleigh, NC 27604-1159 (the Archdale address). (3:12-cv-00743, Doc. No. 4).

Following an initial review pursuant to 28 U.S.C. § 1915A(a), the Court ordered the Clerk to issue process and deliver the same to the U.S. Marshal for service on the defendants. See Fed. R. Civ. P. 4(c)(3). The summonses were issued by the Clerk and addressed to Ms. White as Official Process Agent and delivered to the U.S. Marshal for service to the Archdale address and sixteen days later the Clerk filed notice that the summonses had been returned executed and there were return receipts provided by the U.S. Marshal from the United States Postal Service. Although the receipts were addressed to the Archdale address, none of the return receipts contained a signature noting acceptance of service.[1] (Id., Doc. Nos. 14, 14-1 through 9, and 15).

Plaintiff later filed a motion for an extension of time for the U.S. Marshal to serve the defendants contending that the certificates of service appeared to show that the U.S. Marshal had not served the defendants in their individual capacities, although Plaintiff's counsel contended that she had served the defendants in their official capacities by delivering copies of the summons and complaint to Federal Express for service. (Id., Doc. No. 16). The Federal Express packing label indicates that Plaintiff identified Mr. Ellis Boyle, whom she identifies as the defendants' designated process server, as the recipient of the copies of the summons and

---

[1] The summonses were issued for defendants Bob Lewis, Lawrence Parsons, Kory Dalrymple, Glenn Kinney, Ricky Hutchings, Paul Woods, Kearry Hinson, Brandon Decker, Stephanie Miller, Jane Doe, and Unknown Correctional Officers at Lanesboro Correctional.

complaint. The Federal Express proof of delivery indicates that the package was delivered to "Receptionist/Front Desk" and signed for by S. Doorfeld. (Id. ¶ 5, Doc. No. 16-1).

Plaintiff's counsel further stated in the motion for extension of time that she contacted the an attorney with the Attorney General's Office after the Clerk filed notice that the summonses had been returned executed and inquired why no answer had been filed to the complaint. Counsel was informed that the Attorney General was not filing an answer because of improper service. Plaintiff also explained that a spokesman for DPS, Keith Acrees, emailed the Raleigh News and Observer and noted DPS had received copies of the lawsuits and that they were under review but the "agency typically does not comment on matters that are under litigation." (Id., Doc. No. 16 ¶¶ 4, 9).

Plaintiff attached addresses for each of the defendants to the motion for extension of time and the Court allowed the motion after finding good cause under Fed. R. Civ. 4(m) and granted 45 days from entry of the order to effect service on the defendants. (Id., Doc. No. 17). The Clerk reissued the summonses and delivered the same to the U.S. Marshals. After the 45 day extension expired, Keisha Staton, on behalf of the U.S. Marshals Service filed notice that service had not been perfected during this 45-day time period and the summonses were returned unexecuted. (Id., Doc. Nos. 19-28). Two years later the Court entered an order requiring Plaintiff to show cause why the complaint should not be dismissed for failure to file for additional time to serve the summonses on the defendants and to explain which defendants had actually been served and whether in their individual or official capacity. (Id., Doc. No. 29).

Plaintiff responded and again noted the quote from Mr. Acrees in the email to the Raleigh News and Observer which noted that the DPS had received the lawsuits and that the complaints

3

were under review but that the agency had a policy of not commenting on pending litigation. Plaintiff's counsel also reiterated that she served the defendants via Federal Express. (Id., Doc. No. 30 at 2).

Plaintiffs, whether proceeding pro se or represented by counsel, have a duty to prosecute their civil cases. Rule 41(b) of the Federal Rules of Civil Procedure provides, in relevant part, that the court can dismiss a complaint for failure to prosecute. In the instant situation, Plaintiff contends that she contacted the North Carolina Attorney General in April 2013 and inquired as to why the defendants had not filed an answer and Plaintiff's counsel states that she was informed that no answer would be forthcoming due to improper service. Plaintiff's counsel next contends that she served the defendants by Federal Express on May 2, 2013, and twelve days later she moved for additional time to serve the defendants. The Court granted the motion and the summonses for each defendant were reissued by the Clerk and each summons was returned by the U.S. Marshal as unexecuted because the defendants could not be located. Plaintiff only moved the Court for assistance in effecting service, or proving that service had been effected, in the response to the show cause order some two years after the reissued summonses were returned unexecuted.

In her response, Plaintiff's counsel suggests that one or more of the defendants purposely avoided personal service of the second summonses through collusion or otherwise. (Id., Doc. No. 30 at 4). Based on this assertion, Plaintiff moves for an order requiring U.S. Marshal Service Agent Keisha Staton (1) to provide copies of certified mail return receipts that were executed on May 15, 2013, and (2) provide a sworn statement about details of a conversation that Plaintiff contends occurred in July 2013, between Agent Staton and the General Counsel for the Attorney

General, Ellis Boyle, regarding personal service on the defendants.

Assuming the defendants were in fact served in March 2013, whether in their official or individual capacities, Plaintiff knew that an answer would have been due on April 5, 2013, and perhaps as a courtesy, counsel explains she contacted the Attorney General on April 19, 2013, to inquire why an answer had not been filed which is some fourteen days after the defendants would have been considered in default. Yet, Plaintiff has never applied to the Clerk for entry of default despite her belief that service had been twice been perfected on the defendants. See Fed. R. Civ. P. 55(a) (providing that party may obtain default by affidavit or otherwise if a defendant fails to plead). And the Local Rules for this District authorize the Clerk to enter certain orders under its own direction which includes entry of default. See LCvR 77.1 (citing Fed. R. Civ. P. 77(c)(2)(B)). Accordingly, after considering Plaintiff's contention that the defendants had been served initially in March 2013, or by Federal Express in May 2013, it would appear prudent to have moved for entry of default against all of the defendants and thereafter seek a judgment of default.

When considering an involuntary dismissal under Rule 41(b), the Court considers (1) the degree of the plaintiffs personal responsibility for the failure; (2) the potential prejudice likely to be caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. See Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (citing Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978)).

The Court finds that dismissal of the complaint is appropriate in this case because Plaintiff should have moved the Clerk for entry of default in 2013 if Plaintiff believed that

service of process had been effected on the defendants. As previously noted, Plaintiff cites two instances in which she contends that the defendants were served, but Plaintiff made no further effort to effect service, or prove service, until she responded to this Court's show cause order which is over two years after she contends that service was <u>first</u> effected and she did so by seeking an order requiring the U.S. Marshal to explain details regarding service. The Court finds this request is inappropriate especially in light of the fact that, as an officer of the court, Plaintiff's counsel could issue a subpoena to obtain information regarding the return receipts. Finally, the allegations in the complaint allege conduct that occurred in November 2012, and the Court finds that this favors dismissal because the defendants would likely be prejudiced in their defense and waiting two years – and only in response to the show cause order – demonstrates dilatory conduct. Although this action may appear drastic to the plaintiff, he is not proceeding pro se and presumably agreed to allow his counsel to control the management of his case, and the Court finds his counsel has failed to do so.

For the reasons stated herein, the Court finds that this complaint should be dismissed for failure to prosecute.

The Clerk is respectfully to close this civil case.

**SO ORDERED**.

Signed: March 4, 2016

Frank D. Whitney
Chief United States District Judge